IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | | |
|---|---|---|
| Gwendolyn Muttilib, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:17-cv-751 |
| | § | |
| v. | § | |
| | § | |
| Bright Horizons Children's | § | |
| Center LLC d/b/a JPMorgan | § | |
| Chase Back Up Child Care | § | |
| Center | § | |
| Defendant. | § | A JURY IS DEMANDED |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

Plaintiff Gwendolyn Muttilib ("Muttilib"), by and through her undersigned counsel, files this Complaint against Bright Horizons Children's Center LLC ("Bright Horizons") and in support thereof would show the Court as follows:

## <u>PARTIES</u>

1.      The Plaintiff, Gwendolyn Muttilib, is an African American female who resides in Houston, Harris County, Texas.

2.      The Defendant Bright Horizons Children's Center LLC is a Delaware business entity, which conducts business in Houston, Harris County, Texas. It may be served with process by and through its registered agent, Corporation Service

Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 USA.

3.     Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Defendant.

4.     At all relevant times, Defendant as Plaintiff's "employer" within the meaning of Title VII.  Defendant is an employer qualified to do business in Texas and employs more than 100 regular employees.

## JURISDICTION & VENUE

5.     This case is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq and 42 U.S.C. § 1981. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6.     Venue of this action is proper in this Court because a substantial part of the unlawful employment practices described herein were committed in the Southern District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas. Venue is invoked pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.     Plaintiff timely filed a charge of discrimination (EEOC Charge No. 451-2014-00203) with the Equal Employment Opportunity Commission ("EEOC") on January 9, 2014, to challenge the discrimination and retaliation suffered.  She

received a right to sue letter on this charge and timely files this lawsuit to vindicate her rights.  Plaintiff has exhausted all applicable administrative remedies.

## STATEMENT OF THE CASE

8.      Muttilib served as a teacher at Bright Horizons. She worked in this capacity from approximately December 2010 to March 2013.  Among other duties, Muttilib was tasked with: caring for children in her care in accordance with the Defendant's policies and requirements of the Defendant's child care license.

9.      Defendant is a private childcare facility located in Houston, Texas.

10.      Muttilib faithfully carried out her job duties without incident and even received praise for her work ethic and enthusiasm.  Around the winter of 2012, serious problems arose when Muttilib discovered the disparate compensation between herself and her younger, non-African-American, non-Muslim counterparts.  Muttilib was dumbfounded by this revelation since she possessed the same or more education and experience than her counterparts in addition to being tasked with a substantially greater amount of duties and responsibilities.

11.      Specifically, after complaining of these pay discrepancies Muttilib's work hours were reduced from approximately 32 hours to 20 hours a week.

12.      Defendant's discriminatory practices are further illustrated by Plaintiff's supervisor Mrs. Burrell questioning Plaintiff's religious beliefs as a muslim in regards to the celebration of birthdays.

13.    Consequently, Muttilib availed herself to Defendant's policies and procedures of reporting discriminatory employment practices and conduct. Muttilib complained about Defendant's discriminatory compensation practices and the hostile work environment.

14.    Following her reports of Defendant's discriminatory pay practices and the hostile work environment, Defendant again faced retaliation for her complaints. Particularly, Muttilib was suspended for an unfounded workplace incident.

15.    Ultimately, Plaintiff's employment was terminated in March 2013 in retaliation for her continuous complaints of Defendant's discriminatory employment practices and due to her race, age and religion.

## CAUSES OF ACTION

19.    <u>42 U.S.C. § 1981</u> – Based on the above facts, Defendant violated 42 U.S.C. § 1981, when it subjected Muttilib to disparate treatment because of her race, African American, and retaliated against her for complaining of Defendant's discriminatory employment practices.

20.    <u>Title VII Race Discrimination</u> – Based on the above facts, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, when it subjected Muttilib to disparate treatment because of her race, African American.

21.    <u>Age Discrimination in Employment Act</u> – Based on the above facts, Defendant violated the ADEA, when it terminated Plaintiff due to her age.

22.   <u>Title VII Religion Discrimination</u> - Based on the above facts, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, when it subjected Muttilib to disparate treatment because of her religion, Muslim

## DAMAGES

23.   As a direct and proximate cause of the aforementioned arbitrary and capricious acts, Plaintiff has suffered grievous harm, including but not limited to:

      a.      Loss of wages and benefits, including front pay and back pay,

      b.      Humiliation and embarrassment among coworkers and others,

      c.      Mental anguish and emotional distress,

      d.      Sustained damage to Plaintiff's credibility, and

      e.      Sustained damages to Plaintiff's prospects of future employment.

## ATTORNEY'S FEES

24.   Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the LAW OFFICE OF IKE OKORAFOR, 7324 Southwest Freeway Suite 1427, Houston, Texas 77074, in initiating this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## DEMAND FOR JURY TRIAL

25.   Plaintiff hereby requests a jury trial for all claims.

## **PRAYER FOR RELIEF**

25.    WHEREFORE, Plaintiff prays that the Court order to award such relief including the following:

A. Declaring that the acts and practices described in this Complaint are in violation of Title VII;

B. Enjoining and permanently restraining these violations of Title VII;

C. Directing the defendant to pay plaintiff actual and compensatory damages that she suffered, past and future;

D. Awarding plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

E. Awarding plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

F. Awarding plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

G. Awarding plaintiff such other relief, legal or equitable, as may be warranted.

Respectfully Submitted,

Okorafor Law Group

*/s/ Ike Okorafor*
Ike Okorafor
State Bar No. 24071773
Federal I.D. No. 1803429

6

7324 Southwest Freeway
Suite 1427
Houston, Texas 77074
Telephone: (713) 471-1193
Email: Ike@Okoraforlaw.com